DANIEL G. BOGDEN
United States Attorney
KIMBERLY M FRAYN
Assistant United States Attorney
    U.S. Attorney's Office
    333 Las Vegas Blvd So
    Suite 5000
    Las Vegas, NV 89101
    Email: kimberly.frayn@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14 –cr- 00208-APG-PAL |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| STACIA MORRIS, | |
| Defendant. | |

    Plaintiff, by and through its counsel of record, has produced and will produce documents and information to Defendant pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), which governs the disclosure of documents and objects material to preparing the defense, that the government intends to use in its case-in-chief at trial, or obtained from or belonging to Defendant.

    Subject to the approval of this Court, the parties, by and through their undersigned counsel, respectfully move the Court to enter the following protective order:

-1-

# STIPULATED PROTECTIVE ORDER

## 1. PURPOSE.

Discovery in this matter compels the production of Social Security Administration (SSA) program information that is protected by the Privacy Act, the Social Security Act and regulations, and SSA policies.  5 U.S.C. § 552a; 42 U.S.C. §§ 405, 902(a)(5), 1306, & 1320b-11; 20 C.F.R. 401.5 et. seq.  Program information means personal information and records collected and compiled by SSA in order to discharge its responsibilities under the Social Security Act and the Federal Coal Mine Health and Safety Act.  20 C.F.R. § 401.25.  Discovery includes program information for both Defendant and the alleged victim, who is not a party to this action.

When information is used in a court proceeding, it usually becomes part of the public record of the proceeding and its confidentiality often cannot be protected in that record.  Although not bound by the Privacy Act, Defendant also endeavors to protect Social Security program information in the documents she will produce or submit to the public record.

## 2. INFORMATION SUBJECT TO THIS ORDER.

The information and documents that have been produced or will be produced to Defendant pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E).

This information includes, but is not limited to, personal identification information from Social Security program records, such as names, addresses, dates of birth, and social security numbers, including any tax return information protected by the internal revenue code that may be disclosed.  This information also includes information regarding the use of programs that SSA administers.  The Protective Order extends to any information copied or extracted from information produced to Defendant, such as copies, excerpts, summaries, or compilations.  It also includes testimony, conversations, or presentations by parties or counsel to or

1  in court or in other settings that might reveal information subject to the Protective
2  Order.  Collectively, this information is classified as "Protected Information."
3      Information and records that pertain to Defendant's true and lawful identity
4  are not Protected Information.

5      **3.  <u>DESIGNATING CONFIDENTIAL INFORMATION.</u>**

6      Protected Information shall be marked "CONFIDENTIAL" on each page
7  that contains Protected Information.  For testimony given in deposition or court
8  proceedings, the party offering or sponsoring the testimony shall identify on the
9  record which portions of the testimony are designated "CONFIDENTIAL"
10 pursuant to this Protective Order.

11     If a party manipulates a document marked "CONFIDENTIAL" by copying
12 or extracting the information therefrom, that party will mark the secondary
13 document as "CONFIDENTIAL."

14     A designating party may withdraw an erroneous designation by informing
15 the other party of the error and reproducing copies of the material without the
16 "CONFIDENTIAL" designation.

17     An inadvertent failure to designate qualified information or items as
18 "CONFIDENTIAL" does not waive the right to secure protection under this
19 Protective Order.

20     The receiving party may challenge a "CONFIDENTIAL" designation by
21 informing the designating party of the basis for its belief that the confidentiality
22 designation was improper and giving the designating party a reasonable
23 opportunity to reconsider the designation.  The parties shall meet and confer
24 regarding the challenge.  If the parties cannot resolve the challenge, the
25 challenging party may seek judicial intervention.

26     . . .
27     . . .
28

**4. DURATION.**

Even after the termination of this proceeding, the confidentiality obligations imposed by this Protective Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs.

**5. ACCESS TO AND USE OF PROTECTED INFORMATION.**

Except as provided herein, no person having access to Protected Information subject to this Protective Order shall disclose that information in a manner not specifically provided for by this Protective Order in the absence of a further order of the Court or stipulation of the parties.

Protected Information shall only be made available to the following "Authorized persons," unless ordered by the Court:

(a) Defense counsel and their agents, including experts, investigators, and employees ("Defense Team");

(b) the Court and its personnel; and

(c) court reporters, professional vendors, and anyone else to whom disclosure is reasonably necessary.

Authorized persons may only view and/or use Protected Information for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

Only authorized persons may make copies of Protected Information. Defendant may not copy, scan, or otherwise extract Protected Information.

A member of the Defense Team may orally disclose and show (but not provide) Protected Information to any defense witness, or counsel for any defense witness, for the purpose of gathering information that may be relevant to the defense in this matter. The Defense Team will not permit any defense witness to copy, scan, or otherwise extract Protected Information.

### 6. UNAUTHORIZED DISCLOSURE.

Protected Information must be stored in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. If Protected Information is lost or compromised, the disclosing party shall notify SSA as soon as possible after discovery, ordinarily within 24 hours of discovery, so that SSA can meet its reporting requirements. The disclosing party must use its best efforts to retrieve all copies of Protected Information and inform the person to whom unauthorized disclosure was made of the terms of this Protective Order.

### 7. FILING PROTECTED INFORMATION.

Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file Protected Information in the public record in this action. Protected Information must be redacted or the document must be filed under seal. A party that seeks to file under seal any Protected Information must comply with local rules for filing under seal.

### 8. USE OF PROTECTED INFORMATION DURING TRIAL

The use and/or disclosure of Protected Information by counsel during trial in this matter shall be subject to the discretion of the Court and shall be ruled upon at time of trial, with the Court not being bound or limited by the terms of this Order.

### 9. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the designating party, within sixty days after the conclusion of this matter, which shall be at the conclusion of proceedings before this Court or the exhaustion of any direct

. . .

. . .

appeals, defense counsel will collect and destroy all copies of documents and portions thereof containing the Protected Information that the defense team possesses.

IT IS SO STIPULATED.

Respectfully submitted,

Date: February 5, 2015

DANIEL G. BOGDEN
United States Attorney

By: /s/ Kimberly M. Frayn
KIMBERLY FRAYN
Assistant United States Attorney

Date: February 5, 2015

By: /s/ Jason G. Weiner, Esq.
JASON G. WEINER, ESQ.
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14 –cr- 00208-APG-PAL |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| STACIA MORRIS, | |
| Defendant. | |

GOOD CAUSE HAVING BEEN SHOWN, the Court hereby enters the parties' Stipulated Protective Order.

Dated _____   _____
                         HON. PEGGY A. LEEN
                         UNITED STATES DISTRICT JUDGE

-7-