DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-6020

FILED
JUL 21 2015
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

United States of America,       )
                                )   2:14-CR-00208-APG-PAL
        Plaintiff,              )
                                )   **PLEA AGREEMENT UNDER**
        vs.                     )   **FED. R. CRIM. P. 11 (c)(1)(A) and (B)**
                                )
STACIA MORRIS,                  )
                                )
        Defendant.              )
                                )

The United States, by and through Daniel G. Bogden, United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, the defendant, STACIA MORRIS, and the defendant's attorney, Todd Leventhal, Esq., submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.      SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and Defendant STACIA MORRIS. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

1

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to count one of the Indictment charging a violation of Title 18 United States Code § 1542- False Statements in an Application and Use of a United States Passport.

B. <u>Waiver of Trial Rights</u>. The defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

1. The right to be indicted by a federal grand jury;

2. The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

3. The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

4. The right to remain silent at such a trial, with assurance that her silence could not be used against her in any way;

5. The right to testify in her own defense at such a trial if she so chooses;

6. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

7. The right to have the assistance of an attorney at all stages of such proceedings.

C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw her guilty plea after she has entered them in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in

this Plea Agreement and based on conduct known to the United States, except that the United States reserves the right to prosecute the defendant for any crime of violence as defined by 18 U.S.C. § 16. The United States agrees to dismiss Count Two of the Indictment charging the defendant with a violation of Title 18 United States Code § 1028A- Aggravated Identity Theft, at the close of the sentencing hearing.

### III.  ELEMENTS OF THE OFFENSES

A.  The elements of False Statements in an Application and Use of a United States Passport under 18 U.S.C. § 1542 are the following:

First:  The defendant made a false statement in an application for a United States passport;

Second:  The defendant made the statement intending to get a United States passport for her own use; and

Third:  The defendant acted knowingly and willfully.

See, Pattern Crim. Jury Instr. 11th Cir. C. 1.60 (2010).

### IV.  FACTS SUPPORTING GUILTY PLEA

A.  The defendant will plead guilty because she is, in fact and under the law, guilty of the crimes charged.

B.  The defendant acknowledges that if she elected to go to trial instead of pleading guilty, the United States could prove her guilt beyond a reasonable doubt. The defendant further acknowledges that her admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.  The defendant waives any potential future claim that the facts she admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

1  D.  The defendant admits and declares under penalty of perjury that the facts set forth
2  below are true and correct:

3  1.  On or about October 15, 2013, in the State and Federal District of Nevada,
4  and elsewhere, defendant STACIA MORRIS, did knowingly and willfully make a false statement in
5  an application for a passport with intent to induce and secure for her own use, the issuance of a
6  passport under the authority of the United States, contrary to the laws regulating the issuance of such
7  passports and the rules prescribed pursuant to such laws, in that in such application the defendant
8  stated she was T.M. and used T.M.'s date of birth, which statements she knew to be false, in
9  violation of Title 18, United States Code, Section 1542 as follows:

10  a. On October 15, 2013, defendant STACIA MORRIS falsely identified
11  herself as Tanya Elise Maynard and executed an Application for a U.S. Passport (DS-11) number
12  503062219 at the United States Post Office in Las Vegas, Nevada, before a United States postal
13  employee authorized to accept passport applications. Defendant STACIA MORRIS executed the
14  passport application under oath before the postal employee beneath the following jurat:

> "I declare under penalty of perjury all of the following: 1) I am a citizen or non-citizen of the United States and have not, since acquiring U.S. citizenship or nationality, performed any of the acts listed under the "Acts or Conditions" on the reverse side of this application (unless explanatory statement is attached); 2) the statements made on the application are true and correct; 3) I have not knowingly and willingly made false statements or included false documents in support of this application; 4) the photograph submitted with this application is a genuine, current photograph of me; and 5) I have read and understood the warning on page one of the instructions to the application form"

20  As proof of her fraudulent identity, defendant STACIA MORRIS presented a Nevada
21  driver's license, number ending in X-1960, issued May 21, 2010, expiring May 14, 2014, bearing the
22  defendant's photograph in the name of Tanya Maynard. She falsely listed her Social Security
23  Number as XXX-XX-8177 and her date of birth as May XX, 1980. These identifiers are not lawfully
24  issued to defendant STACIA MORRIS, but actually belong to Tanya Maynard, a United States

4

citizen living in the Virgin Islands. In the application, defendant STACIA MORRIS falsely claimed to have been born in Charlotte Amalie, United States Virgin Islands. She falsely listed her father as Cionel Maynard, with no date of birth or place of birth. She falsely listed her mother as Rondie Wilson, with no date of birth and place of birth United States Virgin Islands. Defendant STACIA MORRIS also indicated "no" on box 21 of DS-11, which asks "Have you ever applied for or been issued a US Passport Book?" The birth certificate presented by defendant STACIA MORRIS with her passport application, number 503062219, could not be verified.

       b.     On October 25, 2013, the case was referred to the Los Angeles Passport Office, and accepted by the Los Angeles Passport Agency Fraud Prevention Manager. The referral notes list multiple fraud indicators, including incomplete family information, listing no prior passport issuance, discrepancies on family place of birth, as well passport number ending in X-6834 previously being issued to a different person, Tanya Elise Maynard. A Consular Consolidated Database search revealed an additional DS-11 number ending X-2321, executed February 12, 2010. Passport number X-6834, was lawfully issued to Tanya Maynard. The photograph from DS-11 number X-2321 bearing Tanya Maynard's name, did not appear to match the photograph from the DS-11 number 503062219 executed by defendant STACIA MORRIS in Las Vegas, Nevada, bearing the defendant's photograph and Tanya Maynard's name.

       c.     On May 15, 2014, a Facebook account was found in defendant STACIA MORRIS's name, residing in Las Vegas, Nevada. Photographs posted in defendant STACIA MORRIS' Facebook account appear to match the same photograph fraudulently used by defendant STACIA MORRIS when executing and submitting DS-11 number 503062219. On May 21, 2014, Nevada Department of Motor Vehicles (NDMV), was provided a photograph of defendant STACIA MORRIS from her Facebook account, which led NDMV to return information on May 21, 2014 for Tanya E. Maynard, Nevada license number 2102671960, issued October 31, 2013. From the issued

photograph, law enforcement determined that the license issued on October 31, 2013 was defendant STACIA MORRIS, the same person who executed DS-11 number 503062219. These two photographs appeared to match multiple pictures from defendant STACIA MORRIS's Facebook account. NDMV also found a match between the photograph provided from the defendant's Facebook account, to the photograph on issued Nevada license number 2102671960.

       d.      On June 3, 2014, the true Tanya Elise Maynard, located in St. Thomas in the United States Virgin Islands, stated that she had executed DS-11 application for United States passport number X-2321, on February 12, 2010. Ms. Maynard also confirmed she was sent Passport number X-6834 in March 2010. Ms. Maynard advised that she did not execute a DS-11 application for a United States passport in 2013 in Las Vegas, Nevada.

       e.      On June 7, 2014, defendant STACIA MORRIS was arrested. After being advised of her rights pursuant to *Miranda*, the defendant acknowledged those rights, agreed to waive them, and agreed to interview with the arresting law enforcement officers. Defendant STACIA MORRIS confirmed her true identity and stated her true date of birth. She told law enforcement officers that she had assumed Tanya Maynard's identity in order to unlawfully enter and remain in the United States so that she could work and send money to her mother in Jamaica.

       f.      Defendant STACIA MORRIS expressly admits that on October 15, 2013, in Las Vegas, Nevada, she made false and fraudulent statements in an application for a United States passport, wherein she claimed her true identity to be a United States citizen, Tanya Maynard, when the defendant did then and there well know that she was unlawfully assuming Ms. Maynard's identity. Defendant STACIA MORRIS further admits that she made the false and fraudulent statements intending to get a United States passport fraudulently issued for her own use.

**V.    COLLATERAL USE OF FACTUAL ADMISSIONS**

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws her guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

**VI.    APPLICATION OF SENTENCING GUIDELINES PROVISIONS**

A.    <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.    <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reduction.

| | |
|---|---|
| Base Offense Level (USSG 2L2.2): | 8 |
| A United States Passport was fraudulently obtained (USSG § 2L2.2(b)(3)): | 4 |
| Reduction for Acceptance of Responsibility (USSG § 3E1.1): | <u>(2)</u> |
| Adjusted Offense Level: | 10 |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless she (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when she enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when she enters her guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when she enters her guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding her involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw her guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Because the offense level is less than 16, the United States will not move for an additional one-level downward adjustment under USSG §3E1.1(b).

These Sentencing Guidelines provisions, if applied, may result in a total offense level of 10, as stated above. The defendant expressly admits that her Criminal History Category will be determined by the Court; however, assuming but not agreeing that the defendant's criminal history category may be a Category I, at an adjusted offense level of 10, the resulting applicable guideline range may be 6 to 12 months.

D. <u>Criminal History Category</u>. The defendant acknowledges that the Court may base her sentence in part on the defendant's criminal record or criminal history. The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E. <u>Relevant Conduct</u>. The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw her guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw her guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for False Statements in an Application and Use of a United States Passport, a violation of Title 18 United States Code § 1542, is imprisonment for not more than 10 years, a fine of $250,000 or both fine and imprisonment.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The defendant acknowledges that her prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not greater than three years. 18 U.S.C. § 3583(b)(2). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 10 years.

E. <u>Special Assessment</u>. The defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

**VIII. POSITIONS REGARDING SENTENCE**

The United States may argue for any sentence within the applicable Sentencing Guidelines range as determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35. This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding the agreement to recommend a sentence within the applicable range, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a "time served" sentence which may fall within or below the Sentencing Guidelines range as calculated in this Plea Agreement pursuant to 18 U.S.C. § 3553 from any sentence the Court may impose, and the United States may oppose it, to the extent such a sentence may fall below the Sentencing Guidelines range as calculated in this Plea Agreement.

## IX. RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to make any and all restitution due as a result of the criminal activity in this case. The defendant cannot discharge her restitution obligation through bankruptcy proceedings. The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning her assets and her ability to pay. The defendant will surrender assets she obtained directly or indirectly as a result of her crimes, and will release funds and property under her control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XI. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The defendant acknowledges that:

    1. She has read this Plea Agreement and understands its terms and conditions;

    2. She has had adequate time to discuss this case, the evidence, and this Plea Agreement with her attorney;

    3. She has discussed the terms of this Plea Agreement with her attorney;

        4.      The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

        5.      She was not under the influence of any alcohol, drug, or medicine that would impair her ability to understand the Agreement when she considered signing this Plea Agreement and when she signed it.

The defendant understands that she alone decides whether to plead guilty or go to trial, and acknowledges that she has decided to enter her guilty plea knowing of the charges brought against her, her possible defenses, and the benefits and possible detriments of proceeding to trial. The defendant also acknowledges that she decided to plead guilty voluntarily and that no one coerced or threatened her to enter into this Plea Agreement.

    B.    <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C.  <u>Removal/Deportation Consequences</u>.  The defendant understands and acknowledges that if she is not a United States citizen, then it is highly probable that she will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement.  The defendant has also been advised if her conviction is for an offense described in 8 U.S.C. § 1101(a)(43), she will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future.  The defendant desires to plead guilty regardless of any immigration consequences that may result from her guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that she has specifically discussed these removal/deportation consequences with her attorney.

**XIV.  ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions.  It constitutes the entire agreement negotiated and agreed to by the parties.

No promises, agreements or conditions other than those set forth in this agreement have been

///

///

///

13

made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DATE 7-21-15

DANIEL G. BOGDEN,
United States Attorney

KIMBERLY M. FRAYN
Assistant United States Attorney

DATE 7/21/15

TODD LEVENTHAL, ESQ.
Counsel for the Defendant

DATE 7-21-15

STACIA MORRIS
Defendant